653 N.E.2d 421 (1995)
273 Ill.App.3d 635
210 Ill.Dec. 516
Virginia BISHOP, Adm'r of the Estate of Ray Bishop, Deceased, Plaintiff-Appellant,
v.
TRI COUNTY RADIOLOGISTS, LTD., Defendant-Appellee.
No. 3-94-0760.
Appellate Court of Illinois, Third District.
July 18, 1995.
As Modified September 20, 1995.
Mark D. Howard, Peoria, for Virginia Bishop.
Gregory Q. Hill, Charles C. Hughes, and Deanne F. Jones, Kehart, Shafter, Hughes, Webber, P.C., Decatur, for Tri County Radiologists.
Justice BRESLIN delivered the opinion of the court:
The plaintiff, Virginia Bishop, as administrator of the estate of Ray Bishop, sought damages from the defendant, Tri County Radiologists, Ltd., for its alleged negligence in causing Ray Bishop to lose a chance of surviving lung cancer. The circuit court dismissed the plaintiff's amended complaint for failure to state a cause of action. We affirm.
The plaintiff's amended complaint alleged the following facts. The defendant, through one of its doctors, X-rayed Ray Bishop's lungs in July 1991. The defendant misread the X-ray at that time and consequently failed to diagnose the presence of lung cancer. By the time the cancer was discovered in November 1991, it had progressed to a point where it was inoperable. Bishop died from lung cancer in June 1992.
The complaint further alleged that there was a 10% to 20% chance that Bishop's cancer was in stage I or stage II of its progression *422 in July 1991. If the cancer was in stage I or stage II at that time, then it would have been operable, and with proper treatment Bishop would have had a 40% to 50% chance of surviving for at least five years.
The complaint sought damages for the 40% to 50% chance of survival that Ray Bishop allegedly lost due to the defendant's negligence. The trial court ruled that a lost chance of survival was not a compensable injury under Illinois law and accordingly dismissed the complaint with prejudice.
The issue on appeal is whether Illinois should join a number of States that allow recovery for negligent deprivation of a chance of survival under the "pure form" of the loss of chance doctrine.
There are several variations of the loss of chance doctrine. (See generally Kramer v. Lewisville Memorial Hospital (Tex.1993), 858 S.W.2d 397.) The version which the plaintiff asks us to adopt recognizes a lost chance of survival as a distinct injury, apart from death, for which compensation may be sought. This is known as the "pure form" of the loss of chance doctrine and is distinct from the loss of chance doctrine which affects the quantum of proof needed to establish proximate cause in wrongful death cases alleging medical malpractice. (See Hajian v. Holy Family Hospital (1995), 273 Ill.App.3d 932, 941, 210 Ill. Dec. 156, 652 N.E.2d 1132; Northern Trust Co. v. Louis A. Weiss Memorial Hospital (1986), 143 Ill.App.3d 479, 493 N.E.2d 6.) Under the pure form of the doctrine, a plaintiff may recover by showing that the medical malpractice more likely than not decreased a substantial chance of survival and that the injured person ultimately died. Perez v. Las Vegas Medical Center (1991), 107 Nev. 1, 6, 805 P.2d 589, 592.
We decline to adopt the pure form of the loss of chance doctrine under the facts of this case. Even if we were to allow recovery under the doctrine, the facts alleged by the plaintiff would not be sufficient to state a cause of action. As noted above, the loss of chance doctrine requires a plaintiff to show that, more probably than not, a defendant's negligence caused the decedent to lose a substantial chance of survival. The plaintiff in the case at bar cannot make such a showing.
The plaintiff has alleged that there was a 10% to 20% chance that the decedent's cancer was in stage I or stage II at the time the X-ray was taken. The 40% to 50% chance of survival for which the plaintiff seeks damages only existed if the cancer was in stage I or stage II at the time of the X-ray. Under the facts alleged, then, there was an 80% to 90% chance that the 40% to 50% chance of survival did not exist at the time of the X-ray. Therefore, the plaintiff has failed to allege that the defendant's negligence more likely than not caused Ray Bishop to lose a chance of survival. Consequently, the trial court's dismissal of the plaintiff's action must be upheld, and we need not determine whether Illinois should adopt the pure form of the loss of chance doctrine.
For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.
Affirmed.
STOUDER, P.J., and McCUSKEY, J., concur.